UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHAWN GRANT,

                      Petitioner,                        **10 Civ. 0394 (RJS) (PED)**

vs.                                             **<u>REPORT AND
RECOMMENDATION</u>**

MARK BRADT, Superintendent, Elmira
Correctional Facility,

                      Respondent.

-----------------------------------------------------------------X

**TO:   THE HONORABLE RICHARD J. SULLIVAN
       UNITED STATES DISTRICT JUDGE**

      Petitioner Shawn Grant ("Petitioner"), appearing <u>pro se</u> and incarcerated at the Upstate

Correctional Facility, brings the instant <u>habeas corpus</u> petition pursuant to 28 U.S.C. § 2254,

challenging his March 26, 2003 conviction from the New York State Supreme Court,

Westchester County.  <u>See</u> Habeas Petition ("Pet.") ¶¶ 1-2.  Petitioner stands convicted of

criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03) and reckless

endangerment in the first degree (N.Y. Penal Law §120.25).  <u>Id.</u> at ¶ 5.  Petitioner was sentenced,

as a second violent felony offender, to a determinate term of fifteen (15) years imprisonment in

state prison and five (5) years post-release supervision for the crime of criminal possession of a

weapon in the second degree, to be served concurrently with an indeterminate term of

imprisonment of three and one-half (3 ½) to seven (7) years for the crime of reckless

endangerment in the first degree.  Petitioner is currently serving that sentence.

      Petitioner seeks <u>habeas</u> relief on four (4) separate grounds:

(1)     that the charges against Petitioner were not proven beyond a reasonable
        doubt, were not supported by sufficient evidence, and were against the
        weight of the evidence;

(2)     that Petitioner was denied due process when the trial court admitted
        improper hearsay evidence;

(3)     that Petitioner received an excessive sentence; and

(4)     that the prosecution used improper and prejudicial language during
        summation, thereby violating Petitioner's due process rights.

Pet. ¶ 12.

For the reasons set forth below, I conclude, and respectfully recommend that Your Honor

should conclude, that this petition for a writ of habeas corpus should be **DENIED**.

I.      **BACKGROUND**[1]

        A.      **The Crime**

The charges against Petitioner stem from a shooting that occurred on June 12, 1999

outside a housing project in Mount Vernon, New York.  At some point during June 12, Petitioner

and Douglass Darnell Selby ("Selby") had a verbal dispute regarding a woman they knew.

Following that altercation, Selby sat on the front steps of a housing project in Mount Vernon and

smoked a "blunt" – i.e., a cigar filled with marijuana and PCP.  During this time, Selby noticed

that Petitioner began running towards him, and that "fire," "flames," and popping noises were

coming from Petitioner's direction.  Selby attempted to flee the scene and Petitioner gave chase,

during which time Selby heard additional popping noises, later determined to be gunfire, coming

from Petitioner's direction.  As Selby was continuing to run away, two males on a single bicycle

pulled alongside him, one of whom pulled out a gun and fired in Selby's direction.  Selby

collapsed onto the sidewalk, and Petitioner and the men on the bicycle left the area.

---

[1] Because Petitioner raises a sufficiency challenge, I present "the evidence in the light most
favorable to the prosecution."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).

2

When paramedics arrived, they noticed that Selby had been shot through both of his thighs, and that he was bleeding profusely. Selby was taken to a nearby hospital, where he received medical attention. While in the emergency room of the hospital, approximately 30-40 minutes following the shooting, Detective Lloyd Greene ("Greene") asked Selby to identify the person who had shot him, and Selby indicated that he had been shot by Petitioner. Selby did not make any mention of the two individuals on the bicycle.[2] Police made their first attempt to apprehend Petitioner in June of 1999, but Petitioner escaped. Thereafter, Petitioner managed to elude police for approximately two years.

**B.    The Trial**

Following Petitioner's arrest in 2001, he was charged with the crimes of attempted murder in the first degree, assault in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree. On October 4, 2001, Petitioner was arraigned on the foregoing charges, and on March 26, 2003, following a jury trial in the New York Supreme Court, County of Westchester (Molea, J.), Petitioner was convicted of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and acquitted on the remaining charges. Petitioner was sentenced as noted above.

During trial, the People offered into evidence the statement Selby gave to police while in the emergency room at the hospital, in which he identified Petitioner as the shooter. Petitioner's counsel objected to the admission of this testimony on hearsay grounds, but the Court overruled the objection pursuant to the "excited utterance" exception. Both Selby and the detective to

---

[2] Selby did, however, testify at trial regarding the individuals on the bicycle.

3

whom he gave the identification statement testified at trial, and Petitioner's counsel cross-examined both of them regarding the statement.

During summation, the prosecutor referred to the fact that Petitioner had eluded police prior to arrest, and quoted the following Biblical passage: "The guilty man fleeth, while the innocent man stands and fights." The prosecutor also urged the jurors to "do justice" and made various statements along similar lines.

### C.    **Post-Trial Proceedings**

####    1.    State Court Proceedings

On December 28, 2007, Petitioner filed a direct appeal of his conviction and sentence to the Second Department of the New York Supreme Court's Appellate Division ("Appellate Division"). On direct appeal, Petitioner advanced the same four (4) arguments set forth in the instant petition:

(1)    that the charges against Petitioner were not proven beyond a reasonable doubt, were not supported by sufficient evidence, and were against the weight of the evidence;

(2)    that Petitioner was denied due process when the trial court admitted improper hearsay evidence;

(3)    that Petitioner received an excessive sentence; and

(4)    that the prosecution used improper and prejudicial language during summation, thereby violating Petitioner's due process rights.

Opp'n Memo., Ex. 1 (Appellate Brief, at 7-8).

On September 23, 2008, the Appellate Division unanimously affirmed the judgment of conviction. People v. Grant, 864 N.Y.S.2d 134 (N.Y. App. Div. 2d Dep't 2008). In so doing, the Appellate Division held (1) that Petitioner's legal sufficiency claim is "unpreserved for appellate review"; (2) that Petitioner waived any objection to the admission of Selby's

identification statement when his counsel elicited the same testimony on cross-examination; (3) that Petitioner's sentence was not excessive; and (4) that Petitioner's remaining contentions "are unpreserved for appellate review and, in any event, are without merit." Id. at 134-35. On February 5, 2009, the New York Court of Appeals denied leave to appeal. People v. Grant, 876 N.Y.S.2d 709 (N.Y. 2009).

2.    Federal Court Proceedings

By habeas petition dated October 9, 2009, Petitioner sought to collaterally attack his judgment of conviction in this Court.  Docket # 1.  Petitioner subsequently filed an amended habeas petition dated December 21, 2009, in which he sets forth the same claims previously presented to the Appellate Division.  Docket # 4.[3]  Respondent filed a response on April 19, 2010, arguing (a) that Petitioner's claims based upon insufficient evidence and summation errors are procedurally barred and otherwise fail on the merits; (b) that Petitioner's arguments regarding admission of Selby's identification statement are procedurally barred, do not present a constitutional issue, and otherwise fail on the merits; and (c) that Petitioner's excessive sentence claim does not present a constitutional issue.  Docket # 11.

## II.   DISCUSSION

### A.   Applicable Law

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  Before a federal district court may review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254.  If there has been procedural compliance with these statutes, the court

---

[3] Although the amended petition is dated December 21, 2009, the Court's Pro Se Office received it on December 23, 2009, and it was docketed on February 2, 2010.

must then determine the appropriate standard of review applicable to the petitioner's claim(s) in accordance with § 2254(d). The procedural and substantive standards applicable to <u>habeas</u> review, which were substantially modified by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are summarized below.

      1.     <u>Timeliness Requirement</u>

A federal <u>habeas</u> <u>corpus</u> petition is subject to AEDPA's strict, one-year statute of limitations. <u>See</u> 28 U.S.C. § 2244(d). The statute provides four different potential starting points for the limitations period, and specifies that the latest of these shall apply. <u>See</u> <u>id.</u> § 2244(d)(1). Under the statute, the limitation period is tolled only during the pendency of a properly filed application for State post-conviction relief, or other collateral review, with respect to the judgment to be challenged by the petition. <u>See</u> <u>id.</u> § 2244(d)(2). The statute reads as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one-year limitation period is subject to equitable tolling, which is warranted when a petitioner has shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2262 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In the Second Circuit, equitable tolling is confined to "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation omitted), which have "prevented [the petitioner] from filing his petition on time," Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (internal quotation marks and emphasis omitted). The applicant for equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing – a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

2.      Exhaustion Requirement

A federal court may not grant habeas relief unless the petitioner has first exhausted his claims in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see 28 U.S.C. § 2254(b)(1) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant"); id. § 2254(c) (the petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). The exhaustion requirement promotes interests in comity and federalism by demanding that state

7

courts have the first opportunity to decide a petitioner's claims. Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir. 1984) (citing Smith v. Phillips, 455 U.S. 209, 221 (1982)). Such notice requires that the petitioner "apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (internal citation omitted). A claim may be "fairly presented" to the state courts therefore, even if the petitioner has not cited "chapter and verse of the Constitution," in one of several ways:

> (a) [R]eliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 194 (2d Cir. 1982). A habeas petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in federal court, absent a showing of cause and prejudice, or a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

8

However, "[f]or exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (internal quotation omitted). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). Such a procedurally barred claim may be deemed exhausted by a federal habeas court. See, e.g., Reyes, 118 F.3d at 139. However, absent a showing of either "cause for the procedural default and prejudice attributable thereto," Harris v. Reed, 489 U.S. 255, 262 (1989), or "actual innocence," Schlup v. Delo, 513 U.S. 298 (1995)), the petitioner's claim will remain unreviewable by a federal court.

Finally, notwithstanding the procedure described above, a federal court may yet exercise its discretion to review and deny a mixed petition containing both exhausted and unexhausted claims, if those unexhausted claims are "plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005); see 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Padilla v. Keane, 331 F. Supp.2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims).

3.    Procedural Default

Even where an exhausted and timely habeas claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon "an adequate and independent finding of a procedural default" to deny it. Harris, 489 U.S. at 262; see also Coleman v. Thompson, 501 U.S. 722, 730 (1991); Ylst

9

v. Nunnemaker, 501 U.S. 797, 803 (1991); Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995).

A state court decision will be "independent" when it "'fairly appears" to rest primarily on state law. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citing Colman, 501 U.S. at 740). A decision will be "adequate" if it is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

### 4.   AEDPA Standard of Review

Before a federal court can determine whether a petitioner is entitled to federal habeas relief, the court must determine the proper standard of review under AEDPA for each of the petitioner's claims. 28 U.S.C. § 2254(d)(1)-(2). This statute "modifie[d] the role of federal habeas corpus courts in reviewing petitions filed by state prisoners," and imposed a more exacting standard of review. Williams v. Taylor, 529 U.S. 362, 402 (2000). For petitions filed after AEDPA became effective, federal courts must apply the following standard to cases in which the state court adjudicated on the merits of the claim:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The deferential AEDPA standard of review will be triggered when the state court has both adjudicated the federal claim "on the merits," and reduced its disposition to judgment. Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001).

Under the first prong, a state court decision is contrary to federal law only if it "arrives at a conclusion opposite to that reached by the [the Supreme Court] on a question of law or if [it] decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A decision involves an "unreasonable application" of Supreme Court precedent if the state court "identifies the correct governing legal rule from the Supreme Court cases but unreasonably applies it to the facts of the particular state prisoner's case," or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

Under the second prong of AEDPA, the factual findings of state courts are presumed to be correct. 28 U.S.C. § 2254(e)(1); see Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997). The petitioner must rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### D.     Insufficient Evidence and Summation Claims [Claims 1 and 4]

Petitioner claims that he is entitled to habeas relief because his conviction was not supported by proof of guilt beyond a reasonable doubt, and because the People committed errors in connection with their summation. Both of these claims are procedurally barred on similar grounds, and I therefore address them together in this section.

Although the Appellate Division addressed the merits of Petitioner's sufficiency claim on direct appeal, it did so only after expressly stating that this claim was "unpreserved for appellate

review" pursuant to CPL § 470.05(2). <u>People v. Grant</u>, 864 N.Y.S.2d at 134. Section 470.05(2) is referred to as New York's "contemporaneous objection" or "preservation" rule. That rule requires defense counsel to make a contemporaneous objection to any alleged legal error committed during a criminal trial. CPL § 470.05(2). The Second Circuit has consistently found that failure to comply with New York's preservation rule constitutes an independent and adequate state ground that may preclude federal <u>habeas</u> review. <u>See, e.g.</u>, <u>Brown v. Ercole</u>, 353 Fed. Appx. 518, 520 (2d Cir. Nov. 16, 2009); <u>Garcia v. Lewis</u>, 188 F.3d 71, 77-78 (2d Cir. 1999).

Therefore, when the Appellate Division rejected Petitioner's sufficiency argument on the basis of CPL § 470.05(2), that decision rested "on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Beard</u>, 130 S.Ct. at 614. As such, this Court is precluded from conducting a <u>habeas</u> review of that claim unless Petitioner is able to demonstrate cause and prejudice for his procedural default. <u>Coleman</u>, 501 U.S. at 749-50. Because Petitioner has made no attempt to make any such showing, his claim of insufficient evidence should be denied. <u>Brown</u>, 353 Fed. Appx. at 520.

Similarly, although the Appellate Division did not directly address the merits of Petitioner's claim regarding alleged errors in the People's summation, it expressly held that "defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit." <u>People v. Grant</u>, 864 N.Y.S.2d at 135. This language demonstrates that the Appellate Division was relying upon an independent state ground in denying Petitioner's claim of alleged summation errors. <u>See, e.g.</u>, <u>Melenciano v. Walsh</u>, 02 Civ. 9593 (HB), 2005 U.S. Dist. LEXIS 5719, *11 (S.D.N.Y. Apr. 6. 2005) ("[T]he Appellate Division's decision, which states that Petitioner's 'remaining contentions are unpreserved,' was sufficient to show that the

12

Appellate Division was relying on an independent state ground.").[4]  Because Petitioner has not

demonstrated cause or prejudice in connection with his failure to preserve this claim, <u>Brown</u>, 353

Fed. Appx. at 520, it must be denied by this Court.

**E.      Admission of Hearsay Under the Excited Utterance Exception [Claim 2]**

Petitioner next argues that he is entitled to <u>habeas</u> relief because the identification

statement made by Selby, given to Greene some 30-40 minutes after he was shot, constituted

hearsay that was not properly admissible under the "excited utterance exception."[5]  According to

Petitioner, the trial court's admission of this identification statement, over his counsel's

objection, violated Petitioner's right to due process and a fair trial (the "Hearsay Claim").

Respondent argues that the Hearsay Claim is procedurally barred and otherwise fails on the

merits.  I conclude that the Hearsay Claim must be denied because (1) it is procedurally barred,

and in any event (2) Petitioner has failed to demonstrate that the trial court erred in admitting the

testimony in question, and (3) Petitioner has failed to identify any violation of the United States

Constitution or federal law stemming from admission of that evidence.

1.      <u>Procedural Bar</u>

Respondent first argues that the Hearsay Claim is procedurally barred.  The Court agrees.

In affirming Petitioner's conviction and sentence, the Appellate Division concluded that

Petitioner had waived the Hearsay Claim "when the defense elicited the same testimony on

---

[4] Unreported cases are being sent to <u>pro se</u> petitioner.  <u>See Lebron v. Sanders</u>, 557 F.3d 76 (2d Cir. 2009).

[5] There is no dispute that the identification statement at issue constitutes hearsay under New York law, which defines hearsay as "a statement made out of court . . . offered for the truth of the fact asserted in the statement."  <u>People v. Goldstein</u>, 843 N.E.2d 727, 732 (N.Y. 2005).  The dispute here centers upon whether the identification statement qualifies for the "excited utterance" exception to the hearsay rule.

cross-examination." Grant, 864 N.Y.S.2d at 135. This ruling constitutes an independent and adequate state law basis for denial of the Hearsay Claim, which precludes federal habeas review.

In order to determine whether a state court's reference to state law constitutes an independent ground for its judgment, a federal court must follow the "plain statement" requirement laid out in Michigan v. Long, 463 U.S. 1032 (1983). Under Long, a federal court may not reach the federal question on habeas review when there is a "'plain statement' that a [state court's] decision rest[ed] upon adequate and independent state grounds." Id. at 1042. The Supreme Court has held that federal habeas review of a claim is precluded, even when a state court has considered the merits of the claim in the alternative, "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." Stewart v. Senkowski, No. 00-CV-0806JBW, 03-MISC-0066JBW, 2003 U.S. Dist. LEXIS 11028, at *8 (E.D.N.Y. June 16, 2003) (quoting Harris v. Reed, 489 U.S. 255, 264 n.10 (1989)). However, if a plain statement of independent state grounds is lacking, the claim will be preserved for federal habeas review. Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 (2d Cir. 2000).

Here, the Appellate Division made a plain statement that Petitioner had waived the Hearsay Claim by cross-examining prosecution witnesses regarding the hearsay statement in question. Grant, 864 N.Y.S.2d at 135. That ruling clearly demonstrates that the Appellate Division based its ruling upon state law that is independent of any federal claim. Fama, 235 F.3d at 810.

In addition to being independent of the merits of the federal claim, however, the state law grounds upon which the state court renders its decision must also be "adequate" to support its judgment. As the Second Circuit has explained:

> [A] procedural bar will be deemed adequate only if it is based on a rule that is
> firmly established and regularly followed by the state in question. When a federal

14

court finds that the rule is inadequate under this test the rule should not operate to bar federal review.  Nonetheless, . . . a federal court that deems a state procedural rule inadequate should not reach that conclusion lightly or without clear support in state law.

Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999).  In determining the adequacy of a state procedural bar, the federal court must look at the "particular application" of the rule.  Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (quoting Lee v. Kemna, 534 U.S. 362, 387 (2002)). Thus, the proper question is whether application of the state procedural rule is "firmly established and regularly followed in the specific circumstances presented in the case."  Cotto, 331 F.3d at 240.

The procedural rule at issue here – i.e., that a criminal defendant waives hearsay objections by eliciting the same objectionable hearsay on cross-examination – is firmly established and regularly followed by New York courts under the specific circumstances presented here.  See, e.g., People v. Blackman, 789 N.Y.S.2d 57, 58 (N.Y. App. Div. 2d Dep't 2004) (defendant waived hearsay objection when he used the hearsay statement in question "during his cross-examination of the complainant and during summation to argue that the complainant's testimony was not credible"); People v. Holmes, 850 N.Y.S.2d 571, 572 (N.Y. App. Div. 2d Dep't 2008) (defendant "waived his contention that the uncharged crime was improperly proved through the hearsay testimony of two witnesses by affirmatively using that evidence in his cross-examination of those witnesses and in summation as part of his defense strategy"); People v. Bryan, 856 N.Y.S.2d 227, 228 (N.Y. App. Div. 2d Dep't 2008) ( hearsay objections waived "because defense counsel elicited similar testimony from the police officers on cross-examination"); People v. Johnson, 877 N.Y.S.2d 207 (N.Y. App. Div. 2d Dep't 2009) (Defendant's hearsay objection "was waived when the defense also elicited the same testimony from the defendant during his own direct examination"); People v. Stalter, 909 N.Y.S.2d 516,

15

518 (N.Y. App. Div. 2d Dep't 2010) ("Moreover, to the extent that the defendant initially objected to [admission of hearsay testimony] by the complainant's father, the objection was waived when the defense elicited the same testimony on cross-examination"); People v. Melendez, 894 N.Y.S.2d 137, 138 (N.Y. App. Div. 2d Dep't 2010) (defendant waived hearsay objection by cross-examining the proponent of the hearsay statement at issue regarding the hearsay statement); accord People v. Brown, 871 N.Y.S.2d 540, 541 (N.Y. App. Div. 4th Dep't 2008) (defendant waived objections to admission of certain expert testimony by eliciting similar testimony on cross-examination).

Because the Appellate Division's denial of the Hearsay Claim rested upon an independent and adequate state law ground, Petitioner is entitled to habeas review only if he can demonstrate cause and prejudice for his default. Coleman, 501 U.S. at 749-50. Since Petitioner has not even attempted to make such a showing, the Hearsay Claim must be denied. Id.

>    2.    Merits of Hearsay Claim

Even if the Appellate Division had not denied the Hearsay Claim on independent and adequate state law grounds, that claim would still fail on the merits because Petitioner has not demonstrated that the trial court's admission of the hearsay statement at issue constituted error under state law, nor has he presented the Hearsay Claim to the Appellate Division or this Court in constitutional terms.

In Chambers v. Mississippi, the Supreme Court recognized that a criminal defendant's rights to present evidence and cross-examine witnesses at trial are matters of due process:

> The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process.

16

410 U.S. 284, 294 (1973). The right to present a defense, however, is not absolute, as defendants in criminal cases "must comply with established rules of procedure and evidence designed to assure both fairness and reliability." Id. (quoting Chambers, 410 U.S. at 302). On the other hand, state rules of evidence may not be "inflexibly applied" so that they deprive a defendant of a fundamentally fair trial. See id. Indeed, the Supreme Court held in Chambers that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." 410 U.S. at 302.

Because the right to present a defense necessarily implicates state evidentiary rulings, federal courts considering evidentiary claims on habeas review must be careful to differentiate between mere errors of state law and those of constitutional dimension. Habeas relief under § 2254 is unavailable for mere errors of state law, see Jones v. Stinson, 229 F.3d 112, 120 (2d Cir. 2000) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)), and "erroneous evidentiary rulings rarely rise to the level" of a constitutional violation. Washington, 255 F.3d at 56 (quoting Agard v. Portuondo, 117 F.3d 696, 705 (2d Cir. 1997), rev'd on other grounds, 529 U.S. 61 (2000)). Nonetheless, habeas courts confronting a due process claim must examine state evidentiary rulings to determine whether those rulings deprived petitioner of a fundamentally fair trial. See Jones, 229 F.3d at 120; Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988) (while "erroneous evidentiary rulings do not automatically rise to the level of constitutional error, . . . the court's duty on a petition for habeas corpus is to determine whether the [evidence at issue] was material to the presentation of the defense so as to deprive the defendant of fundamental fairness").

To obtain habeas relief on these grounds, a petitioner "must demonstrate first that the [trial court's evidentiary] ruling was erroneous and, second, that the erroneous ruling 'so infected the proceedings as to have rendered the trial fundamentally unfair.'" Alvarez v. Scully, 833 F.

Supp. 1000, 1005 (S.D.N.Y. 1993).  "[T]his is typically a heavy burden for a petitioner to meet."

Newland v. Lape, 05 Cv. 2686 (JFK), 2008 U.S. Dist. LEXIS 47624 (S.D.N.Y. June 18, 2008).

Here, Petitioner fails to meet this heavy burden for at least three reasons.  First,

Petitioner's claim is grounded solely upon alleged errors of state law, which cannot form the

basis for federal habeas relief.  Indeed, although a header to the relevant section of Petitioner's

Appellate Brief cites to the Sixth and Fourteenth Amendments to the United States Constitution,

Opp'n Brief, Ex. 1 (Appellate Brief, at 60), Petitioner's brief is otherwise silent as to those

constitutional provisions, and makes no effort to substantiate a claim based upon them.  Id.[6]

Instead, Petitioner merely argues that the temporal proximity between Selby's shooting and the

identification statement he subsequently gave to police – a period of approximately 30-40

minutes – rendered the "excited utterance" exception inapplicable.  In other words, Petitioner

challenges the state court's application of a state evidentiary rule, which cannot form the basis

for federal habeas relief.  Estelle, 502 U.S. at 67-68 ("[W]e reemphasize that it is not the

province of a federal habeas court to reexamine state-court determinations on state-law

questions.").[7]

Second, Petitioner has failed to demonstrate that the trial court erred under state law by

admitting the evidence in question.  "Under New York's rule, 'an excited utterance occurs under

the immediate and uncontrolled domination of the senses, and during the brief period when

---

[6] The petition itself simply reiterates the relevant header from the Appellate Brief, but omits citation to the Sixth and Fourteenth Amendments. Pet., ¶ 12, "Ground Two". The petition does state, however, that Petitioner "was denied due process of law and a fair trial" when the trial court admitted Selby's identification statement into evidence. Id.

[7] For the same reason, Petitioner has failed to fairly present this argument to the Appellate Division in constitutional terms. "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Gray v. Netherland, 518 U.S. 152, 163 (1996). That failure constitutes yet another basis for denying habeas relief. Baldwin, 541 U.S. at 29.

considerations of self-interest could not have been brought fully to bear by reasoned reflection' –

a period which 'is not measured in minutes or seconds but rather is measured by facts.'" Mungo

v. Duncan, 393 F.3d 331 (2d Cir. 2004) (quoting People v. Cotto, 699 N.E.2d 394 (N.Y. 1998)).[8]

By admitting the identification statement at issue here into evidence, Trial Tr., at 51-64, 866-67,

1191-1193, the trial court implicitly found that Selby made that statement "'during the brief

period when considerations of self-interest could not have been brought fully to bear by reasoned

reflection.'" Id.  On habeas review, that finding of fact is presumed to be correct under AEDPA

unless Petitioner can rebut the presumption through clear and convincing evidence. 28 U.S.C. §

2254(e)(1); Sorto v. Herbert, 364 F. Supp. 2d 240, 249 (E.D.N.Y. 2004) (implicit findings of fact

entitled to AEDPA deference).  Not only has Petitioner failed to rebut this presumption of

correctness by clear and convincing evidence, but the record contains ample support for the trial

court's decision. See, e.g., Trial Tr., at 865-68 (Testimony of Detective Greene) (at the time of

the statement, Selby (1) had two fresh bullet holes in his legs, (2) was "in a lot of pain," (3) was

"grabbing his left leg," and (4) was "screaming and carrying on").  In the absence of any

evidence to the contrary, I cannot conclude that the trial court erred by admitting Selby's

identification statement into evidence pursuant to the "excited utterance" exception.  This finding

constitutes yet another basis for denying Petitioner's claim. See Alvarez, 833 F. Supp. at 1005.[9]

---

[8] New York courts have applied the "excited utterance" exception under circumstances involving significantly longer temporal lapses between the startling event and the hearsay statement in question. See, e.g., People v. Brooks, 522 N.E.2d 1051 (N.Y. 1988) (upholding application of "excited utterance" exception where there was a 2 ½ hour lapse between the between declarant's shooting and his subsequent statement).

[9] Because I conclude that the state court ruling at issue was not erroneous, it is not necessary for the Court to engage in further constitutional analysis. See, e.g., Jones, 94 F. Supp. 2d at 391-92 (once the habeas court has found that the state court ruling was not erroneous under state law, there is no need to apply a constitutional analysis).

Finally, to the extent that the petition can be construed as raising a claim under the Confrontation Clause of Sixth Amendment[10] – separate and apart from the evidentiary argument Petitioner advances in the Appellate Brief – that claim also must be denied for two independently sufficient reasons. First, the Confrontation Clause is "categorically satisfied" when the hearsay statement at issue is admitted into evidence pursuant to a firmly rooted hearsay exception, such as the "excited utterance" exception. Brown v. Keane, 355 F.3d 82, 87-88 (2d Cir. 2004). Because the trial court admitted Selby's identification statement pursuant to the "excited utterance" exception, the Confrontation Clause is "categorically satisfied." Id. Second, where the hearsay declarant testifies at trial and is subject to cross-examination, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." United States v. Owens, 484 U.S. 554, 560 (1988); see also Kentucky v. Stinger, 482 U.S. 730, 737 (1987). Because Selby testified at trial and was subjected to cross-examination regarding his identification statement, see Trial Tr., at 684 and 762, Petitioner cannot assert a claim under the Confrontation Clause.

**F.     Excessive Sentence**

Finally, Petitioner asserts that he is entitled to habeas relief on the basis that he received an excessive sentence. This claim cannot form the basis for federal habeas relief, as Petitioner's sentence fell within the statutory range of sentences permitted under New York law.

An Eighth Amendment challenge to a sentence may not succeed unless a petitioner alleges that the sentence was outside a prescribed statutory range. Hutto v. Davis, 454 U.S. 370, 374 (1982) (per curiam); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (holding that

---

[10] Consistent with Second Circuit precedent, the Court construes the petition as raising the strongest claims it suggests. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

defendant's Eighth Amendment sentencing claim was meritless as sentence fell within statutory range). Where the record reveals that "a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." Dorszynski v. United States, 418 U.S. 424, 431 (1974); see also Rivera v. Quick, 571 F. Supp. 1247, 1248-49 (S.D.N.Y. 1983). Moreover, when determining the constitutionality of a sentence, the habeas court should defer to state legislative determinations regarding criminal penalties and to a trial court's discretion in sentencing criminal defendants. See Solem v. Helm, 463 U.S. 277, 290 (1983); United States v. Torres, 941 F.2d 124, 127 (2d Cir. 1991).

Here, Petitioner's fifteen (15) year sentence for criminal possession of a weapon in the second degree fell within the applicable New York statutory range. See N.Y. Penal Law §§ 70.04, 265.03, and 65.00(3)(a)(i). Similarly, Petitioner's three and one-half (3 ½) to seven (7) year sentence for reckless endangerment in the first degree fell within the applicable New York statutory range. See N.Y. Penal Law §§ 70.04 and N.Y. Penal Law §120.25. Accordingly, Petitioner's claim of excessive sentence must be denied. Hutto, 454 U.S. at 374.

## III.   Conclusion

For the reasons set forth above, I respectfully recommend that Petitioner's habeas petition be **DENIED** in its entirety.

## IV.   Notice

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, from the date hereof to file written objections to this Report and Recommendation. Fed. R. Civ. P. 6(a). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Richard J.

Sullivan, United States District Judge, at the United States Courthouse, the Daniel Patrick

Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, and to the

chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White

Plains, New York, 10601.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Sullivan.


Dated:   July 8, 2011
         White Plains, N.Y.



                              Respectfully submitted,



                              PAUL E. DAVISON
                              UNITED STATES MAGISTRATE JUDGE


         Copies of this Report and Recommendation sent to:

                    Hon. Richard J. Sullivan
                    United States District Judge
                    Daniel Patrick Moynihan United States Courthouse
                    500 Pearl St.
                    New York, NY  10007-1312

                    John James Sergi
                    Westchester County District Attorney
                    111 Dr. Martin Luther King, Jr. Blvd.
                    White Plains, NY  10601

                    Shawn Grant, DIN #03-A-2784
                    Upstate Correctional Facility
                    P.O. Box 2001
                    Malone, NY 12953


                              22