UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN GRANT,

                     Petitioner,

-v-

MARK L. BRADT, Superintendent, Elmira Correctional Facility,

                     Respondent.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-30-12
```

No. 10 Civ. 394 (RJS)
ORDER ADOPTING REPORT AND
RECOMMENDATION

    Petitioner Shawn Grant ("Grant"), proceeding *pro se* and currently incarcerated in the New York State correctional system, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his March 23, 2006 conviction in the New York State Supreme Court, Westchester County, of criminal possession of a weapon in the second degree, N.Y. Penal Law § 265.03, and reckless endangerment in the first degree, *id.* § 120.25. Before the Court are the Report and Recommendation of the Honorable Paul E. Davison, Magistrate Judge, dated July 8, 2011 (Doc. No. 22 (the "Report")), recommending that Grant's amended writ of habeas corpus petition (Doc. No. 4 (the " Amended Petition")) be denied. For the reasons that follow, the Court adopts the Report in its entirety and denies Grant's Petition.

I. BACKGROUND

    In 2001, Grant was arrested and charged with the crimes of attempted murder in the first degree, assault in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree. Although arraigned on the foregoing charges, Grant was convicted on March 26, 2003 – following a jury trial in the New York Supreme Court, Westchester County – of criminal

possession of a weapon in the second degree and reckless endangerment in the first degree. Petitioner was acquitted on the remaining two charges. On May 16, 2003, Grant was sentenced, as a second violent felony offender, to a determinate term of fifteen years imprisonment in state prison and five years post-release supervision for the crime of criminal possession of a weapon in the second degree, to be served concurrently with an indeterminate term of imprisonment of three and one-half to seven years for the crime of reckless endangerment in the first degree.

On December 28, 2007, Grant filed a direct appeal of his conviction and sentence to the New York Supreme Court's Appellate Division, Second Department (the "Appellate Division"), in which he argued that: (1) the charges against him were not proven beyond a reasonable doubt, were not supported by sufficient evidence, and were against the weight of evidence (the "sufficiency claim"); (2) he was denied the due process of law when the prosecution used improper and prejudicial language in its summation (the "summation claim"); (3) he was denied the due process of law when the trial court admitted improper hearsay evidence (the "hearsay claim"); and (4) he received an excessive sentence (the "excessive sentence claim"). (Opp'n Ex. at 7–8.) On September 23, 2008, the Appellate Division unanimously upheld the conviction and sentence, holding, *inter alia*, that: (1) Grant's sufficiency claim was "unpreserved for appellate review"; (2) Grant waived his objection to the alleged hearsay testimony when his counsel "elicited the same testimony on cross examination"; (3) Grant's sentence was not excessive; and (4) "[Grant's] remaining contentions are unpreserved for appellate review and, in any event, are without merit." *People v. Grant ("Grant I")*, 864 N.Y.2d 134, 134–35 (App. Div. 2d Dep't 2008). On February 5, 2009, Judge Carmen Beauchamp Ciparick of the New York Court of Appeals denied leave to appeal. *People v. Grant ("Grant II")*, 12 N.Y.3d 758 (2009).

On January 19, 2010, Grant initiated this action, which was originally assigned to the Honorable Stephen C. Robinson, then a District Judge, by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)[1] By Order dated January 26, 2010, this matter was referred to Judge Davison (Doc. No. 2), and on February 2, 2010, Grant filed an Amended Petition, setting forth the same claims that he previously presented to the Appellate Division. (Doc. No. 4.)[2] Respondent filed a memorandum in opposition to Grant's Amended Petition on April 19, 2010. (Doc. No. 11.)

On November 15, 2010, following Judge Robinson's departure from the bench, this matter was reassigned to my docket. (Doc. No. 17.) On July 8, 2011, Judge Davison issued the Report, in which he recommends that Grant's Amended Petition be denied in its entirety. (Report at 2, 21.) Specifically, Judge Davison recommended that: (1) Grant's sufficiency and summation claims be dismissed because they are procedurally barred; (2) Grant's hearsay claim be denied because it is procedurally barred, because Grant has, in any event, "failed to demonstrate that the trial court erred in admitting the testimony in question," and because "[Grant] has failed to identify any violation of the United States Constitution or federal law stemming from admission of that evidence"; and (3) Grant's excessive sentence claim be denied because "[Grant's] sentence fell within the statutory range of sentences permitted under New York law." (*Id.* at 11–21.)

By Order dated October 15, 2011, the Court granted Grant an extension until November 28, 2011 to file objections to the Report. (Doc. No. 24.) On November 21, 2011, the Court received in chambers Grant's timely objection ("Obj.").

---

[1] Although the Petition was filed on January 19, 2010, it is dated October 9, 2009. (*See* Doc. No. 1.)

[2] The Amended Petition, while docketed on February 2, 2010, is dated December 21, 2009 and was received by the Pro Se Office on December 23, 2009. (*See* Doc. No. 4.)

## II. LEGAL STANDARD

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a *de novo* review of the defendant's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile (95–CR–1074)*, 121 F.3d 34, 38 (2d Cir. 1997). However, where objections are "conclusory or general," or where the defendant "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie,* No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). Because Grant appears *pro se* in this matter, the Court construes his submissions liberally and interprets them "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (internal quotation marks omitted)).

## III. DISCUSSION

### A. Procedural Default as to Sufficiency and Summation Claims

It is well settled that, under principles of comity and federalism, federal courts "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support that judgment.'" *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999) (quoting *Coleman v. Thompson*,

4

501 U.S. 722, 729 (1991)); *see also Harris v. Reed*, 489 U.S. 255, 262 (1989) (noting that "the adequate and independent state ground doctrine applies on federal habeas"). "Thus, '[t]he independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.'" *Garcia*, 188 F.3d at 76 (quoting *Coleman*, 501 U.S. at 732). Courts have consistently held that a state procedural default qualifies as an adequate and independent ground unless the petitioner can demonstrate either: (1) "cause for the default and actual prejudice" therefrom; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *accord Richardson v Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201–02 (2d Cir. 2010); *see also Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010) (explaining that the procedural default rule "prevents claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice").

In his objections, Grant argues that where the last state court rendering judgment in a case reaches the merits of an otherwise procedurally defaulted claim, the claim is no longer procedurally defaulted. (Obj. at 1–2.) Because Grant makes a specific objection as to Judge Davison's determination that Grant's sufficiency and summation claims are procedurally barred, the Court reviews the objection *de novo*. *See* 28 U.S.C. § 636(b)(1); *Male Juvenile (95–CR–1074)*, 121 F.3d at 38.

As an initial matter, it is true that "a procedural default does not bar consideration of a federal claim on . . . habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Reid v. Sendkowski*, 961 F.2d 374, 377 (2d Cir. 1992) (internal quotation marks omitted) (finding that a claim was subject to federal habeas corpus review where "[t]he state court did not clearly and

5

expressly state whether it had examined the merits of the . . . claim or had relied on a procedural default"). However, the cases that Grant cites, while illustrative of this rule, are inapposite. For instance, in *Tankleff v. Senkowski*, the Second Circuit held that the it could address the petitioner's federal habeas corpus claims because the state court indicated only that it had "examined defendant's remaining contentions and [found] them to be either meritless or unpreserved," leaving "unclear whether the New York Court of Appeals rejected [the petitioner's] . . . claim because it was unpreserved or because it was deemed meritless as a matter of federal constitutional law." 135 F.3d 235, 247 (2d Cir. 1998) (internal quotation marks omitted). Likewise, in *Fama v. Commissioner of Correctional Services*, also cited by Grant, the Second Circuit held that "when a state court uses language such as '[t]he defendant's remaining contentions are either unpreserved for appellate review or without merit,' the validity of the claim is preserved and is subject to federal review." 235 F.3d 804, 810 (2d Cir. 2000). However, in so holding, the Second Circuit was careful to note that its ruling did not "cast any doubt on" the continuing validity of the proposition that, "where a state court says that a claim is 'not preserved for appellate review' and then rule[s] 'in any event' on the merits, such a claim is not preserved." *Id.* at 810 n.4.

Here, the Appellate Division was the last state court to render a judgment in this case. *See Levine v. Comm'r of Corr. Sevs.*, 44 F.3d 121, 126 (2d Cir. 1995) (holding that the Appellate Division was the "last state court to render judgment" on petitioner's claim where the Court of Appeals had subsequently denied leave to appeal without comment); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."). Although the Appellate Division addressed the

merits of Grant's sufficiency claim on direct appeal, it did so in the alternative and, as Judge Davison correctly determined, "only after expressly stating that [Grant's] claim was 'unpreserved for appellate review' pursuant to CPL § 740.05(2)" – New York's "contemporaneous objection" or "preservation" rule. (Report at 12 (citing *Grant I*, 864 N.Y.S.2d at 134).) Similarly, as to Grant's claim regarding alleged errors in the People's summation, Judge Davison correctly determined that the Appellate Division addressed the merits of that claim only after first expressly stating that the claim was "unpreserved for appellate review." (Report at 12); *see also Grant I*, 864 N.Y.S.2d at 135 ("[Petitioner's] remaining contentions are unpreserved for appellate review and, in any event, are without merit.").

Thus, because the Appellate Division ruled on the merits of Grant's sufficiency and summation claims only *after* clearly and expressly stating that its judgment as to both claims rested on a state procedural bar, that procedural bar precludes federal habeas review in this case absent Grant demonstrating "cause for the default and actual prejudice" or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

First, with regard to Grant's sufficiency and summation claims, Grant "has made no attempt to make any showing" as to cause for the default and prejudice therefrom (Report at 12–13), whether in his Amended Petition or in his objection. Indeed, even had Grant made an attempt to demonstrate cause for the default in the form of ineffective assistance of counsel – the only *potential* claim for cause apparent to the Court – the Court would not find it because Grant failed to first raise the claim in state court. *See Sweet v. Bennett*, 353 F.3d 135, 141 n.7 (2d Cir. 2003) (explaining that ineffective assistance of counsel is an "independent constitutional claim"

7

that a petitioner must have first raised in state court before a federal court can consider it the basis for "cause" (citing *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000)).

Second, the Court rejects Grant's argument that failure to consider his sufficiency and summation claims will result in a "fundamental miscarriage of justice." (Obj. at 3.) "Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." *Jackson v. Brandt*, No. 10 Civ. 5858 (PAC) (KNF), 2012 WL 2512015, at *6 (S.D.N.Y. June 29, 2012) (internal quotation marks omitted). Because Grant did not raise this argument before Judge Davison, the Court declines to consider it here.

Alternatively, even if the Court *were* willing to entertain this new argument, Grant has not established that there would be a fundamental miscarriage of justice. "The Supreme Court has explained that the fundamental miscarriage of justice exception is 'extremely rare' and should be applied only in 'the extraordinary cases'" where a petitioner has demonstrated that he is "actually innocent." *Sweet*, 353 F.3d at 142 (quoting *Schlup v. Delo*, 513 U.S. 298, 321–22 (1995)). "[A]ctual innocence means factual innocence, not mere legal sufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[P]risoners asserting innocence as a gateway to default claims must establish that, *in light of new evidence*, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (emphasis added; internal quotation marks omitted)); *accord King v. Artus*, 259 F. App'x 346, 347 (2d Cir. 2008); *see also Schlup*, 513 U.S. at 324 (explaining that "[t]o be credible," a so-called gateway claim requires "new reliable evidence . . . that was not presented at trial").

8

Here, Grant asserts – in conclusory terms – that failure to review his claims "will result in a fundamental miscarriage of justice of [a] legally innocent man remaining imprisoned for crimes that the People has not proven against [Grant]." (Obj. at 3.) However, because Grant has offered no new evidence as to his innocence that was not presented at trial, the Court finds that Grant has failed to demonstrate the actual innocence necessary to satisfy the fundamental miscarriage of justice exception.

### B. Hearsay and Excessive Sentence Claims

In regard to Grant's hearsay claim, Grant does not challenge Judge Davison's conclusions in the Report that Grant's hearsay claim should be denied because: (1) it is "procedurally barred"; (2) Grant has, in any event, "failed to demonstrate that the trial court erred in admitting the testimony in question"; and (3) "[Grant] has failed to identify any violation of the United States Constitution or federal law stemming from admission of that evidence." (Report at 13.) Likewise, Grant does not challenge Judge Davison's conclusion in the Report that Grant's excessive sentence claim should be denied because "[Grant's] sentence fell within the statutory range of sentences permitted under New York law." (*Id.* at 20.) Therefore, the Court reviews those portions of the Report for clear error. Finding none, the Court adopts those portions of Judge Davison's careful and well-reasoned Report.

### IV. CONCLUSION

Accordingly, for the aforementioned reasons, the Court adopts the Report in its entirety and, for the reasons set forth therein, denies Grant's Amended Petition. The Clerk of the Court is respectfully directed to close this case.

A certificate of appealability will not issue because Grant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. Furthermore, the Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED: August 30, 2012
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been mailed to:

Shawn Grant
DIN#03-A-2784
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024